UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BOSTON SOCIETY OF THE NEW JERUSALEM, INCORPORATED, BOSTONVIEW CORPORATION, EDWARD MACKENZIE, and THOMAS KENNEDY,<br><br>   Plaintiffs,<br><br>v.<br><br>GREAT AMERICAN INSURANCE COMPANY,<br><br>   Defendant. | CIVIL ACTION NO.<br>05-CV-10494-WGY |

## ANSWER

As its answer to the Complaint by Plaintiffs, Boston Society of the New Jerusalem, Incorporated ("Church"), Bostonview Corporation ("Bostonview"), Edward MacKenzie ("MacKenzie") and Thomas Kennedy ("Kennedy") (collectively, "Plaintiffs"), Defendant, Great American Insurance Company ("Great American"), states as follows:

### Introduction

1. Great American admits that Plaintiffs purport to bring this action for breach of their insurance agreement and for bad faith, but denies that any of Plaintiffs' claims have merit, and denies that Plaintiffs are entitled to any relief, whatsoever. Great American denies all remaining allegations in Paragraph 1.

2. Great American admits that Plaintiffs were sued on or about February 27, 2004 in the United States District Court for the District of Massachusetts and that it declined coverage for that suit. Great American denies all remaining allegations of Paragraph 2.

3. Great American is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 3.

4. The allegations of Paragraph 4 consist of Plaintiffs' summary of the content of an Order entered by the United States District Court for the District of Massachusetts attached to Plaintiffs' Complaint as Exhibit I. Great American admits the authenticity of Exhibit I, but denies the remaining allegations of Paragraph 4.

5. Great American admits that the underlying plaintiffs in the Federal Lawsuit filed a new complaint against Plaintiffs in Massachusetts state court, and that the state court later dismissed those claims finding, in part, that Plaintiffs lack standing. Great American denies that the state court lawsuit asserted "virtually the same claims," and denies any remaining allegations of Paragraph 5.

6. The allegations of Paragraph 6 consist of Plaintiffs' erroneous summary and characterizations of positions taken by Great American, both orally and in writing–for example, in some of the Exhibits attached to Plaintiffs' Complaint. Great American therefore denies the allegations of Paragraph 6.

7. Great American denies the allegations of Paragraph 7 except that Great American admits that the General Convention of the New Jerusalem in the United States of America, Inc. ("General Convention") is an independent voluntary association of Swedenborgian Churches to which the Church used to belong.

8. Great American admits that it agreed to reimburse Plaintiffs for the Costs of Defense they incurred in the State Lawsuit that were covered under the Great American Policy, subject to a reservation of all of Great American's rights, including the right to recoup amounts paid to Plaintiffs to the extent it is later determined that there was no coverage for the State Lawsuit, but denies all remaining allegations of Paragraph 8. Further answering, Great American states that Plaintiffs refused reimbursement of their Costs of Defense in the State Lawsuit on that basis.

9. Denied.

10. Great American admits that the Attorney General served a Civil Investigative Demand ("CID") seeking the production of documents and other information from the Church, but denies all remaining allegations of Paragraph 10.

11. Great American admits that the Attorney General filed a complaint against the Church and moved for the entry of a Consent Judgment. Great American further admits that on or about June 16, 2004, the court in which the Attorney General's complaint was filed entered a Consent Judgment attached as Exhibit L to Plaintiffs' Complaint that did not contain any findings of wrongdoing. Great American denies the remaining allegations of Paragraph 11.

12. Great American is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the costs incurred by Plaintiffs in responding to the Attorney General's Action. Great American admits that it agreed to reimburse Plaintiffs for the Costs of Defense incurred after the Attorney General filed a Claim against them in June 2004, but has not agreed to reimburse Plaintiffs for other costs not covered under the Great American Policy. Great American denies any remaining allegations of Paragraph 12.

13. Denied.

14.   Denied.

### Parties

15.   Admitted.

16.   Great American admits that Bostonview Corporation is a corporation located at 140 Bowdoin St., Boston, Massachusetts. Great American is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 16.

17.   Great American admits that Plaintiff Edward MacKenzie is a citizen of the Commonwealth of Massachusetts, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 17.

18.   Great American admits that Plaintiff Thomas Kennedy is a citizen of the Commonwealth of Massachusetts, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 18.

19.   Admitted.

### Factual Background

#### i.   Insurance Policy

20.   Great American admits that it issued a Non-Profit Organization Executive Protection and Employment Practices Liability Insurance Policy ("Policy") to the Church and Bostonview for the Policy Period 11/04/2003 to 11/04/2004, and that a portion of the Policy is attached to the Complaint as Exhibit A. Great American denies that the remaining allegations of paragraph 20 are a fair or comprehensive description of the provisions of the Policy, and denies any remaining allegations of Paragraph 20.

#### ii.   Leadership Change at the Church

21. Great American is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 21.

22. Great American admits that a lawsuit against the Church, Bostonview, Edward MacKenzie and Thomas Kennedy was filed by George Chapin, the General Convention, and the Massachusetts Association of the New Jerusalem (Swedenborgian) ("Association") in Boston on or about February 27, 2004. Great American is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 22.

### iii. Great American's Disclaimer of Coverage of the Federal Lawsuit

23. Great American is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23.

24. Great American admits that it received an Acord Notice and accompanying documents from USI/Hastings-Tapley Insurance Agency, Inc. that was sent on March 2nd, 2004, and which referenced the Federal Lawsuit. Great American is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 24.

25. Great American admits that, on March 25, 2004, it sent a letter to USI/Hastings Tapley Insurance Agency, Inc. that is attached as Exhibit D to Plaintiffs' Complaint, and that Plaintiffs have quoted some of the language appearing in that letter. Great American denies any remaining allegations of Paragraph 25.

26. Denied.

27. Denied.

28. Denied.

29. GAIC denies the allegations in the first sentence of this Paragraph. The second sentence asserts legal conclusions to which no response is required. To the extent that a response to the assertions in the second sentence is required, GAIC denies the allegations in this sentence.

30. GAIC admits that the Insureds provided it with certain legal invoices of Edwards & Angell LLP and Todd & Weld LLP, legal counsel respectively to the Church and Bostonview and to Mr. McKenzie and Mr. Kennedy in the Federal Lawsuit. GAIC is without knowledge or information sufficient to form a belief as to the truth of the remaining assertions in the first sentence of this Paragraph. GAIC admits the allegations in the second sentence of this Paragraph.

31. Admitted.

32. Great American admits that Plaintiffs sent and Great American received a letter dated June 9, 2004 that is attached to the Complaint as Exhibit F. Great American denies the remaining allegations of Paragraph 32.

33. Great American admits that it requested additional materials from the Church and Bostonview, and that copies of certain materials were provided to Great American. Great American is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 33.

34. Great American admits that counsel for Edward MacKenzie and Thomas Kennedy sent, and it received, a copy of a letter dated September 10, 2004 attached to the Complaint as Exhibit G. Great American denies any remaining allegations of Paragraph 34.

35. Great American admits that it sent the letter dated December 15, 2004 attached to the Complaint as Exhibit H. Great American denies any remaining allegations of paragraph 35.

### iv. The Federal Lawsuit

36. Great American is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36.

37. Great American admits that the District Court entered an order dated July 20, 2004 that is attached to Plaintiffs' Complaint as Exhibit I. Great American denies any remaining allegations of paragraph 37.

### v. The State Lawsuit

38. Great American admits that the General Convention, the Association and George Chapin commenced an action against Plaintiffs in the Superior Court Department of the Trial Court, County of Suffolk, Massachusetts, on or about August 4, 2004 by filing a document styled Amended Complaint, a copy of which (without exhibits) is attached to Plaintiffs' Complaint as Exhibit J. Great American denies any remaining allegations of Paragraph 38.

39. Great American admits that it received the letter attached to Plaintiffs' Complaint as Exhibit G. Great American denies any remaining allegations of Paragraph 39.

40. Great American admits that the State Court entered a Memorandum of Decision on December 7, 2004, a copy of which is attached to Plaintiffs' Complaint as Exhibit K. Great American is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 40.

### vi. Great American's Agreement To Cover At Least Some Of The Defense Costs Arising From The State Lawsuit

41. Great American admits that it sent the letter dated December 15, 2004 that is attached to Plaintiffs' Complaint as Exhibit H. Great American denies any remaining allegations of Paragraph 41.

42. Denied.

### vii. No Reasonable Basis To Accept Coverage Of The State Lawsuit But To Deny Coverage Of The Federal Lawsuit

43. Denied.

44. Great American admits that the letter attached to the Plaintiffs' Complaint as Exhibit H is genuine, but denies the remaining allegations of Paragraph 44 and specifically denies that Plaintiffs have fairly or comprehensively described the contents of that letter.

### viii. Attorney General's Action

45. Great American is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 45.

46. Great American is without knowledge or information sufficient to form a belief as to the scope of the Civil Investigative Demand served upon the Church by the Attorney General in 2003. Great American denies the remaining allegations of Paragraph 46.

47. Great American is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 47.

48. Great American admits that a copy of the Consent Judgment entered by the Superior Court Department of the Trial Court, County of Suffolk, Commonwealth of Massachusetts, is attached to Plaintiffs' Complaint as Exhibit L. Great American is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 48.

49. Great American is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49.

50. Great American admits that, on or about June 14, 2004, the Attorney General filed a complaint in the Superior Court Department of the Trial Court, County of Suffolk,

Commonwealth of Massachusetts, a copy of which is attached to Plaintiff's Complaint as Exhibit M. Great American is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 50.

### ix. Great American's Disclaimer Of Coverage Of Most Defense Costs Arising From The Attorney General's Action

51. Great American admits that it received the letter dated December 9, 2004 that is attached as Exhibit N to Plaintiffs' Complaint. Great American denies any remaining allegations of Paragraph 51.

52. Great American admits that Plaintiffs have quoted some of the language of the Policy, but deny that the allegations of 52 fairly or comprehensively describe the provisions of the Policy bearing on the meaning of the word Claim, as used in the Policy. Great American denies the remaining allegations of Paragraph 52.

53. Denied.

54. Great American admits that it sent the letter dated January 28, 2005 attached to Plaintiffs' Complaint as Exhibit O, but denies that the allegations in Paragraph 54 fairly or comprehensively set forth the positions it took in that letter. Great American denies any remaining allegations of Paragraph 54.

55. Denied.

### Count I

(Breach of Contract)

56. Great American repeats and realleges its responses to Paragraphs 1 through 55, inclusive, as if those responses were fully set forth herein.

57. Great American admits that it has certain contractual obligations to Plaintiffs under the Policy. Further answering, Great American states that it has met and performed all of its obligations under the terms of the Policy.

58. Denied.

59. Denied.

## Count II

(Breach of the Implied Covenant of Good Faith and Fair Dealing)

60. Great American repeats its responses to the allegations in Paragraph 1 through 59, inclusive, as if those responses were fully set fourth herein.

61. Great American admits that it has certain contractual obligations to Plaintiffs under the Policy. Further answering, Great American states that it has met and performed all of its obligations under the terms of the Policy.

62. The allegations of Paragraph 62 set forth a legal conclusion to which no answer is required. To the extent paragraph 62 sets forth allegations of fact, Great American denies those allegations.

63. Denied.

64. Denied.

## Count III

(The Violation of G.L. c.93A and G.L. c.176D)

65. Great American repeats its responses to the allegations in Paragraphs 1 through 64, inclusive, as if those responses were fully set forth herein.

66.     Great American admits that it has certain contractual obligations to Plaintiffs under the Policy. Further answering, Great American states that it has met and performed all of its obligations under the terms of the Policy.

67.     Great American admits that it received the letter dated January 12, 2005 attached to Plaintiffs' Complaint as Exhibit P. Great American is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 67.

68.     Denied.

69.     Denied.

70.     Denied.

71.     Denied.

72.     Denied.

### First Affirmative Defense

Plaintiffs have failed to state a claim upon which relief may be granted.

### Second Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, by one or more of the following provisions of Section IV. Exclusions of the Policy, which provide, in pertinent part, as follows:

"This Policy does not apply to any **Claim** made against any **Insured**:

A.   brought about or contributed to in fact by: (1) any **Insured** gaining any profit, advantage or remuneration to which the **Insured** was not legally entitled; or (2) the fraudulent, dishonest or criminal acts of any **Insured**; however, the **Wrongful Act** of an **Insured Person** shall not be imputed to any other **Insured Person** for the purpose of determining the applicability of this exclusion;

*****

H.   by or for the benefit of the **Organization** . . . or any person or entity which succeeds to the interest of the **Organization** or a **Subsidiary**;

11

*****

I.  for any actual or alleged liability of any **Insured** under any contract or agreement, express or implied, written or oral, except for employment related obligations which would have attached absent such contract or agreement;"

### Third Affirmative Defense

Plaintiffs are not entitled to coverage under the Policy issued by Great American to the extent that any **Claim** against them was founded upon conduct taken other than in a capacity as an officer or director of the Church or Bostonview.

### Fourth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands.

### Fifth Affirmative Defense

Plaintiffs' claims are barred to the extent they seek reimbursement of **Costs of Defense** that are not reasonable, that are attributable to claims not covered by the Great American Policy, that were incurred on behalf of persons who are not **Insureds** under the Policy, or were incurred in the defense of matters that do not constitute **Claims** under the Policy.

**WHEREFORE**, Great American prays that this Court enter judgment in its favor and against Plaintiffs, and each of them, on each and every count of their Complaint in this action, award Great American its costs, including attorneys' fees, and grant Great American such other

and further relief as the Court deems just and equitable.

Dated: April 1, 2005

Respectfully submitted,

GREAT AMERICAN INSURANCE COMPANY

*/s/ Barbara O'Donnell*
Stephen J. Abarbanel BBO# 010110
Barbara A. O'Donnell BBO# 544458
ROBINSON & COLE LLP
One Boston Place
Boston, MA 02108-4404
(617) 557-5900

**Of Counsel**

Peter F. Lovato, III
Ellen Jenkins
BOUNDAS SKARZYNSKI WALSH & BLACK, LLC
200 East Randolph Drive, Suite 7200
Chicago, IL 60601
(312) 946-4200
(312) 946-4272 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of April, 2005, I have served the foregoing document upon all parties to this action by sending a copy by first class mail, postage prepaid, to plaintiffs' counsel of record in his action:

Nicholas B. Carter, Esq.
Todd & Weld LLP
28 State Street
Boston, MA 02109

*/s/ Barbara O'Donnell*
Barbara O'Donnell

13