UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BOSTON SOCIETY OF THE NEW JERUSALEM, INCORPORATED, BOSTONVIEW CORPORATION, EDWARD MACKENZIE, and THOMAS KENNEDY, <br><br>  Plaintiffs, <br><br> v. <br><br> GREAT AMERICAN INSURANCE COMPANY, <br><br>  Defendant. <br><br> GREAT AMERICAN INSURANCE COMPANY, <br><br>  Defendant/Counterplaintiff, <br><br> v. <br><br> BOSTON SOCIETY OF THE NEW JERUSALEM, INCORPORATED, BOSTONVIEW CORPORATION, EDWARD MACKENZIE, and THOMAS KENNEDY, <br><br>  Plaintiffs/Counterdefendants. | C.A. No. 05-10494WGY <br><br> *May 6, 2005* <br> YOUNG, D.J. /*as modified* <br> So ordered as the case management scheduling order. <br> Discovery due *March 31, 2006* <br> Dispositive Motions due *July 9, 2005* <br><br> *William A. Young* <br> U.S. District Judge |

## LR 16.1(d) JOINT STATEMENT OF THE PARTIES

As required by Local Rule 16.1, the parties have conferred and agreed upon the following proposed pretrial schedule to allow a two-stage approach to the resolution of the issues in this case and potential avoidance of unnecessary discovery and trial preparation expenses:

| Event | Proposed Deadline |
|---|---|
| Rule 26(a) Disclosures | May 23, 2005 |
| Plaintiffs' Motion for Summary Judgment on Defendant's Duty to Defend | July 9, 2005 |
| Amendment of Pleadings and Joinder of Parties | September 15, 2005 |
| Plaintiffs' Disclosure of Expert(s) and Production of Expert Report(s) | 3 months from date Court rules on motions for summary judgment |
| Defendant's Disclosure of Expert(s) and Production of Expert Report(s) | 4 months from date Court rules on motions for summary judgment |
| Close of Discovery (Fact and Expert) | 5 months from date Court rules on motions for summary judgment |
| Pre-Trial Conference | 7 months from date Court rules on motions for summary judgment |

The undersigned counsel and authorized representative of each party hereby certify that each party and that party's counsel have conferred (a) with a view to establishing a budget for the costs of conducting the full course—and various alternative courses—of this litigation; and (b) to consider the resolution of this litigation through the use of alternative dispute resolution programs such as those outlined in LR 16.4.

Dated: May 2, 2005

Respectfully submitted,

Plaintiffs/Counterdefendants:

BOSTON SOCIETY OF THE NEW JERUSALEM, INCORPORATED

By: _____

Its: President/Chair Trustees

2

BOSTONVIEW CORPORATION

By: _____

Its: _____

EDWARD MACKENZIE

_____

THOMAS KENNEDY

_____

and Counsel for Plaintiffs/Counterdefendants

_____
Nicholas B. Carter BBO#561147
Todd & Weld, LLP
28 State Street
Boston, Massachusetts 02109
(617) 624-4727


Defendant/Counterplaintiff:

GREAT AMERICAN INSURANCE COMPANY

By: _____

Its: _____


and Counsel for Defendant/Counterplaintiff

_____
Barbara A. O'Donnell 544458
Stephen J. Abarbanel  010100
Robinson & Cole LLP
One Boston Place
Boston, Massachusetts 02108-4404
(617) 557-5900

3

BOSTONVIEW CORPORATION

By: _____

Its: _____

EDWARD MACKENZIE

_____

THOMAS KENNEDY

_____

and Counsel for Plaintiffs/Counterdefendants

_____
Nicholas B. Carter BBO#561147
Todd & Weld, LLP
28 State Street
Boston, Massachusetts  02109
(617) 624-4727

Defendant/Counterplaintiff:

GREAT AMERICAN INSURANCE COMPANY

By: *[signature]*

Its: Divisional Vice President

and Counsel for Defendant/Counterplaintiff

*[signature]*

Barbara A. O'Donnell 544458
Stephen J. Abarbanel  010100
Robinson & Cole LLP
One Boston Place
Boston, Massachusetts  02108-4404
(617) 557-5900

3

Of Counsel:

Peter F. Lovato
Ellen D. Jenkins
Boundas, Skarzynski, Walsh & Black, LLC
200 East Randolph Drive
Suite 7200
Chicago, Illinois  60601
(312) 946-4200