UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BOSTON SOCIETY OF THE NEW JERUSALEM, INCORPORATED, BOSTONVIEW CORPORATION, EDWARD MACKENZIE, and THOMAS KENNEDY,<br><br>    Plaintiffs/Counterclaim Defendants,<br>v.<br><br>GREAT AMERICAN INSURANCE COMPANY,<br><br>    Defendant/Counterclaim Plaintiff. | C.A. NO. 05-CV-10494-WGY |

**PLAINTIFFS' ANSWER TO
COUNTERCLAIM FOR DECLARATORY JUDGMENT**

As their answer to Defendant Great American Insurance Company's ("Great American") Counterclaim for Declaratory Judgment, Plaintiffs Boston Society of the New Jerusalem, Incorporated ("Church"), Bostonview Corporation ("Bostonview"), Edward Mackenzie ("Mackenzie"), and Thomas Kennedy ("Kennedy") (together, "Plaintiffs" or "Insureds") state as follows:

**Introduction**

1. Plaintiffs admit that they filed the Complaint against Great American in this case, which is a writing that speaks for itself.

2. In response to the allegations in the first sentence of paragraph 2, Plaintiffs state that the term "formerly affiliated" is vague and ambiguous. Accordingly, Plaintiffs lack knowledge or information sufficient to form a belief as to the truth of the allegations. In response to the allegations in the second and third sentences of paragraph 2, Plaintiffs admit that

the Church is the sole shareholder of Bostonview, which owns the building at 140 Bowdoin Street in Boston housing the Church's chapel and administrative offices and an apartment house. Plaintiffs deny the remaining allegations in the second and third sentences. In response to the fourth sentence of paragraph 2, Plaintiffs admit that Mackenzie and Kennedy have held various offices and other positions in the Church since 2003 and that Mackenzie has been convicted of certain crimes, which is a matter of public record. Plaintiffs state that the term "alleged criminal and fraudulent activities" is vague and ambiguous. Accordingly, Plaintiffs lack knowledge or information sufficient to form a belief as to the truth of the allegations. Plaintiffs deny the accuracy (and relevance) of the remaining scandalous and improper allegations.

3. Plaintiffs admit that their Complaint alleges that, pursuant to the Policy terms and Massachusetts law, Great American owed them a duty to defend against the Federal Lawsuit, the State Lawsuit, and the CID component of the Attorney General's Action, as those terms are defined in the Complaint. The remaining allegations in paragraph 3 misleadingly characterize the contents of the pleadings and court orders in those cases, which are documents that speak for themselves. The plaintiff's specifically deny that George Chapin was a plaintiff for all causes of action in the Federal and State Lawsuits; it is plain on the face of the Complaint in the Federal Lawsuit that Chapin is not a party to Counts 4 and 5 and plain on the face of the Complaint in the State Lawsuit that Chapin is not a party to Counts 1, 2, and 3. Plaintiffs further answer that Great American has improperly sought to deny coverage based on Chapin's limited presence in the Federal and State Lawsuits, despite the fact that his lack of standing was self-evident and a matter of black letter law not subject to dispute by Great American, and the fact that he did not assert some of the claims on the Federal and State Lawsuits. Further answering, Plaintiffs state that the General Convention of the New Jerusalem in the United States of America, Inc.

("General Convention") and the Massachusetts Association of the New Jerusalem (Swedenborgian) are voluntary associations to which the Church previously belonged, not hierarchical denominations. If a further answer is required, Plaintiffs deny the remaining allegations in paragraph 3.

4. Plaintiffs deny the "immaterial, impertinent, [and] scandalous" allegations in paragraph 4 and reserve their right to seek appropriate relief, including, without limitation, a motion to strike pursuant to Fed. R. Civ. P. 12(f). Plaintiffs further specifically deny the defamatory allegations against Kennedy and call upon Great American's counsel to demonstrate that the allegations were made upon proper evidentiary support and in good faith, pursuant to Fed. R. Civ. P. 11. Plaintiffs admit that Mackenzie is a convicted felon and that for a period of time in the 1980s he worked for Whitey Bulger, details of which he described in his published book, Street Soldier," but deny that these allegations are relevant to this dispute or that Great American has made them for any proper purpose. Further answering, Plaintiffs admit the singular statement that "[a]ll three actions involve the same core allegations," which is precisely why Great American had a duty to defend Plaintiffs against all of them and precisely why Great American's self-serving attempts to distinguish the cases are evidence of bad faith. If a further answer is required, Plaintiffs deny the remaining allegations in paragraph 4.

5. Paragraph 5 purports to characterize the allegations in the Complaints in both the Federal and State Lawsuits, which are documents that speak for themselves. Plaintiffs specifically deny the validity of Chapin's allegation that he purportedly brought all the claims on behalf of himself, the Church and Bostonview because that allegation is contrary to a plain reading of the face of the Complaints and because he could not assert the rights of the Church and Bostonview as a matter of law. Plaintiffs deny any remaining allegations in paragraph 5.

6. Plaintiffs deny that the Civil Investigative Demand ("CID"), which culminated in the Attorney General's Action, was issued to Kennedy, when in fact it was issued to the Church, of which Kennedy was the Chairman of the Board of Trustees. The remaining allegations in paragraph 6 purport to characterize the contents of written documents that speak for themselves.

7. Plaintiffs admit that they requested that Great American provide a defense to the three actions, as required by the Policy, and admit that Great American refused to do so. Plaintiffs deny that Great American had no coverage or defense obligations with respect to the Federal Lawsuit. Plaintiffs deny that Great American's offer to provide a defense to the State Lawsuit under a reservation of rights was made in good faith given that it subsequently refused to make any payments to Plaintiffs and challenged the invoices of the Church and Bostonview's counsel. Plaintiffs deny that Great American had no coverage or defense obligations with respect to the Attorney General's Action, which included the CID. Plaintiffs admit that Great American declined to provide a defense to the Attorney General's Action insofar as it involved responding to the CID and negotiating the Consent Judgment. Plaintiffs admit that Great American agreed to provide a severely limited defense solely related to the filing of the Complaint and Consent Judgment in the Attorney General's Action. If a further answer is required, Plaintiffs deny the remaining allegations in paragraph 7.

8. Plaintiffs deny the allegations in the first sentence of paragraph 8. Plaintiffs admit that they filed this legal action and deny the remaining allegations in the second sentence.

**The Parties**

9. Plaintiffs lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9.

4

10. Admitted.

11. Admitted.

12. Admitted.

### Jurisdiction and Venue

13. No response is required to the allegations in paragraph 13 as they call for a legal conclusion.

14. No response is required to the allegations in paragraph 14 as they call for a legal conclusion.

### Factual Background

15. The Plaintiffs admit that Kennedy joined the Church prior to May 2002 and deny the remaining allegations in paragraph 15.

16. Plaintiffs admit that Mackenie joined the Church in or about November 2002 and deny the remaining allegations in the first and second sentences of paragraph 16. Plaintiffs admit that Kennedy resigned as President of the Union, and state that they lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the third sentence of paragraph 16.

17. Denied.

18. Plaintiffs deny the allegations in the first and second sentences of paragraph 18. Plaintiffs admit that the Church has voted to expel several members for their harmful actions against the Church. Plaintiffs state that they lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the third sentence of paragraph 18.

19. Plaintiffs deny the allegations in paragraph 19, except that they admit the General Convention attempted to intervene to discipline the Church's minister.

5

20. Plaintiffs admit that the Attorney General's Action was initiated by the issuance of the CID to the Church, in care of Kennedy, the Chairman of the Board of Trustees, seeking six categories of documents. Plaintiffs lack knowledge or information sufficient to form a belief as to the truth of the allegation that Great American was unaware of the Attorney General's Action. Plaintiffs deny the remaining allegations in paragraph 20.

21. Paragraph 21 incorrectly characterizes the contents of the Complaint in the Federal Lawsuit, which is a document that speaks for itself. Plaintiffs admit that the Federal Lawsuit was filed on or about February 27, 2004, but specifically deny the false allegation that Chapin joined all the claims asserted in the Federal Lawsuit, which he did not, a fact evident on the face of the Complaint in the Federal Lawsuit. If a further answer is required, Plaintiffs deny the remaining allegations in paragraph 21.

22. Plaintiffs admit the allegations in the first sentence of paragraph 22 and admit, in response to the second sentence, that the Attorney General's Action, including the CID, was not the subject of the Plaintiffs' notice letter. If a further answer is required, Plaintiffs deny the remaining allegations in paragraph 22.

23. Paragraph 23 purports to characterize the contents of a written document (Exhibit D to the Complaint) that speaks for itself. Plaintiffs admit that Great American sent a letter dated March 25, 2004 and that Great American denied coverage or a defense to the Federal Lawsuit, although Plaintiffs deny that Great American had any legal or contractual basis for doing so. Plaintiffs deny that Chapin was a plaintiff as to each cause of action in the Federal Lawsuit; it is plain on the face of the Complaint in the Federal Lawsuit that Chapin is not a party to Counts 4 and 5, and plain as a matter of law that Chapin lacked standing to bring the remaining claims. Plaintiffs deny any remaining allegations in paragraph 23.

6

24. Paragraph 24 purports to characterize the contents of written documents (the Complaint and Consent Judgment in the Attorney General's Action) that speak for themselves. Plaintiffs admit that the Attorney General and the Church agreed to the Consent Judgment, which contained no finding of any wrongdoing. Plaintiffs lack knowledge or information sufficient to form a belief as to the truth of the allegation that Great American was unaware of the Attorney General's Action. If a further answer is required, Plaintiffs deny the remaining allegations in paragraph 24.

25. Paragraph 25 purports to characterize the contents of a written document (the Consent Judgment in the Attorney General's Action) that speaks for itself. Further answering, Plaintiffs state that the Consent Judgment did not contain any finding of wrongdoing by any of the Plaintiffs. Plaintiffs lack knowledge or information sufficient to form a belief as to the truth of the allegation that Great American was unaware of the Attorney General's Action. If a further answer is required, Plaintiffs deny the remaining allegations in paragraph 25.

26. Plaintiffs admit that the federal court dismissed the Federal Lawsuit because there was no basis for the RICO claims and no basis for retaining federal jurisdiction over the state law claims. Plaintiffs deny the remaining allegations in paragraph 26.

27. Plaintiffs admit the allegations in the first sentence of paragraph 27, namely, that the plaintiffs in the Federal Lawsuit filed a substantially similar complaint in the State Lawsuit. The remaining allegations in paragraph 27 purport to characterize the contents of the Complaint in the State Lawsuit, which is a document that speaks for itself. If a further answer is required, Plaintiffs deny the remaining allegations in paragraph 27.

28. Plaintiffs admit the allegations in the first sentence of paragraph 28 and admit, in response to the second sentence, that the Attorney General's Action, including the CID, was not the subject of the September 10, 2004 notice letter to Great American.

29. Admitted.

30. Plaintiffs state that the December 9 letter speaks for itself. Plaintiffs lack knowledge or information sufficient to form a belief as to the truth of the allegation that this letter constituted Great American's first notice of the CID component of the Attorney General's Action. If a further answer is required, Plaintiffs deny the remaining allegations in paragraph 30.

31. Plaintiffs admit that Great American made the statements contained in its letter to the Church's counsel dated December 15, 2004, which letter speaks for itself. Plaintiffs lack knowledge or information sufficient to form a belief as to the truth of any allegations concerning what Great American knew or did not know, or what letters it had or had not received, at the time the December 15, 2004 letter was sent. If a further answer is required, Plaintiffs deny the remaining allegations in paragraph 31.

32. Plaintiffs admit that Great American has denied coverage or a defense for the CID component of the Attorney General's Action. Plaintiffs admit that Great American agreed to provide a defense to the State Lawsuit, which was substantially similar to the Federal Lawsuit, under a reservation of rights. Plaintiffs admit that Great American questioned certain invoices from the Church and Bostonview's defense counsel. Plaintiffs deny the remaining allegations in paragraph 32.

33. Paragraph 33 purports to characterize the contents of Great American's January 28, 2005 letter (Exhibit O to the Complaint), which is a written document that speaks for itself. Plaintiffs admit that Great American denied coverage or a defense for the Federal Lawsuit,

despite the fact that it was substantially similar to the State Lawsuit that Great American agreed to defend under a reservation of rights. Plaintiffs admit that Great American denied coverage for defense costs associated with the CID component of the Attorney General's Action, but agreed to pay defense costs for the narrow portion of the Attorney General's Action involving the filing of the Complaint and Consent Judgment. If a further answer is required, Plaintiffs deny the remaining allegations in paragraph 33.

34. Admitted.

### The Policy

35. Plaintiffs admit that Great American issued an insurance policy to the Church/Bostonview ("Policy"), which Policy speaks for itself.

36. Paragraph 36 purports to characterize the contents of the Policy (Exhibit A to the Complaint), which is a written document that speaks for itself.

37. Paragraph 37 purports to characterize the contents of the Policy (Exhibit A to the Complaint), which is a written document that speaks for itself.

38. Paragraph 38 purports to characterize the contents of the Policy (Exhibit A to the Complaint), which is a written document that speaks for itself.

39. Paragraph 39 purports to characterize the contents of the Policy (Exhibit A to the Complaint), which is a written document that speaks for itself.

40. Paragraph 40 purports to characterize the contents of the Policy (Exhibit A to the Complaint), which is a written document that speaks for itself.

41. Paragraph 41 purports to characterize the contents of the Policy (Exhibit A to the Complaint), which is a written document that speaks for itself.

42. Paragraph 42 purports to characterize the contents of the Policy (Exhibit A to the Complaint), which is a written document that speaks for itself.

43. Paragraph 43 purports to characterize the contents of the Policy (Exhibit A to the Complaint), which is a written document that speaks for itself.

44. Paragraph 44 purports to characterize the contents of the Policy (Exhibit A to the Complaint), which is a written document that speaks for itself.

45. Paragraph 45 purports to characterize the contents of the Policy (Exhibit A to the Complaint), which is a written document that speaks for itself.

46. Paragraph 46 purports to characterize the contents of the Policy (Exhibit A to the Complaint), which is a written document that speaks for itself.

## Count I
(Declaratory Judgment – Coverage for Federal Lawsuit)

47. Plaintiffs restate their answers to paragraphs 1-46 above in response to paragraph 47.

48. Paragraph 48 purports to characterize the contents of the Policy (Exhibit A to the Complaint), which is a written document that speaks for itself. Plaintiffs deny that the Insured v. Insured Exclusion applies to relieve Great American of its defense or indemnity obligation with respect to the Federal Lawsuit.

49. Denied.

50. Paragraph 50 purports to characterize the contents of the Policy (Exhibit A to the Complaint), which is a written document that speaks for itself. Plaintiffs deny that any provision or exclusion in the Policy relieves Great American of its defense or indemnity obligation with respect to the Federal Lawsuit.

51. Denied.

52. Denied.

WHEREFORE, Plaintiffs request that the Court:

A. Declare that Great American had a duty to defend Plaintiffs against the Federal Lawsuit;

B. Declare that Great American's bad faith refusal to provide a defense to the Federal Lawsuit constitutes a violation of MASS. GEN. LAWS c. 176D, § 3(9) and c. 93A, §§ 2 and 9; and

C. Award Plaintiffs such other and further relief as the Court deems just and proper.

## Count II
(Declaratory Judgment – Coverage for State Lawsuit)

53. Plaintiffs restate their answers to paragraphs 1-52 above in response to paragraph 53.

54. Paragraph 54 purports to characterize the contents of the Policy (Exhibit A to the Complaint), which is a written document that speaks for itself. Plaintiffs deny that the Insured v. Insured Exclusion applies to relieve Great American of its defense or indemnity obligation with respect to the State Lawsuit.

55. Denied.

56. Paragraph 56 purports to characterize the contents of the Policy (Exhibit A to the Complaint), which is a written document that speaks for itself. Plaintiffs deny that any provision or exclusion in the Policy relieves Great American of its defense or indemnity obligation with respect to the State Lawsuit.

57. Denied.

58. Denied.

59. Plaintiffs admit that Great American offered to provide a defense of the State Lawsuit subject to a reservation of rights and deny that they refused to accept such a defense. Plaintiffs deny the remaining allegations in paragraph 59.

WHEREFORE, Plaintiffs request that the Court:

    A. Declare that Great American had a duty to defend Plaintiffs against the State Lawsuit;

    B. Declare that Great American's bad faith refusal to provide a defense to the State Lawsuit upon request constitutes a violation of MASS. GEN. LAWS c. 176D, § 3(9) and c. 93A, §§ 2 and 9; and

    C. Award Plaintiffs such other and further relief as the Court deems just and proper.

### Count III
(Declaratory Judgment – Coverage for CID)

60. Plaintiffs restate their answers to paragraphs 1-59 above in response to paragraph 60.

61. Paragraph 61 purports to characterize the contents of the Policy (Exhibit A to the Complaint), which is a written document that speaks for itself.

62. Denied.

63. Plaintiffs admit that the Attorney General's letter including the CID was dated November 13, 2003, and that the Consent Judgment was entered June 16, 2004. Plaintiffs deny that notice to Great American of the CID component of the Attorney General's Action was untimely, prejudicial to Great American, or in any way entitled Great American to deny coverage.

WHEREFORE, Plaintiffs request that the Court:

A. Declare that Great American had a duty to defend Plaintiffs against the CID component of the Attorney General's Action;

B. Declare that Great American's bad faith refusal to provide a defense to the CID component of the Attorney General's Action upon request constitutes a violation of MASS. GEN. LAWS c. 176D, § 3(9) and c. 93A, §§ 2 and 9; and

C. Award Plaintiffs such other and further relief as the Court deems just and proper.

## FIRST AFFIRMATIVE DEFENSE

Great American is estopped by its own acts and omissions from denying a defense or indemnity for any claims at issue in the case.

## SECOND AFFIRMATIVE DEFENSE

Great American is estopped by its own breach of the Policy from seeking to enforce its terms.

## THIRD AFFIRMATIVE DEFENSE

Under the applicable rules of construction, ambiguous terms of the Policy must be construed against Great American as the drafter.

## FOURTH AFFIRMATIVE DEFENSE

If any allegation in any claim against the Insureds is susceptible to an interpretation that it constituted a claim covered by the Policy, Great American had an affirmative obligation to provide a defense.

## FIFTH AFFIRMATIVE DEFENSE

Allegations that Kennedy or Mackenie engaged in fraudulent activity in their personal capacities and/or attempted to defraud the Church or Bostonview cannot be imputed to the

Church or Bostonview so as to preclude coverage based on the Fraudulent Acts Exclusion or any other exclusion in the Policy.

### SIXTH AFFIRMATIVE DEFENSE

Great American has failed to assert a claim, defense, or valid exclusion that would justify its bad faith denial of coverage.

### SEVENTH AFFIRMATIVE DEFENSE

Great American is barred from asserting its claims, defenses, or axclusions by the doctrine of unclean hands.

### EIGHTH AFFIRMATIVE DEFENSE

Great American is barred by the equitable doctrines of laches, waiver, and/or estoppel from raising certain defenses to coverage or exclusions, including, but not limited to, the Illegal Profit/Fraudulent Acts Exclusion, by its failure to raise any such defenses or exclusions upon original notice of the claims.

Respectfully submitted,

BOSTON SOCIETY OF THE NEW
JERUSALEM, INCORPORATED,
BOSTONVIEW CORPORATION,
EDWARD MACKENZIE, and
THOMAS KENNEDY

By their attorneys,

/s Nicholas B. Carter
Howard M. Cooper (BBO #543842)
Nicholas B. Carter (BBO #561147)
Philip H. Graeter (BBO #645316)
TODD & WELD LLP
28 State Street, 31st Floor
Boston, MA 02109
Dated: May 16, 2005                    (617) 720-2626