Exhibit 3

# Edwards & Angell LLP

101 Federal Street  Boston, MA 02110   617.439.4444   *fax* 617.439.4170   Richard J. McCarthy
617.951.2230
rmccarthy@EdwardsAngell.com

March 1, 2004

## NOTICE OF CLAIM

**VIA FACSIMILE AND**
**OVERNIGHT MAIL**

Hastings-Tapley
12 Gill Street, Suite 5500
P.O. Box 4043
Woburn, MA  01888-4043

      Re:    Policy No.:    EPP5796942
               Policy Description:  Directors and Officers
               Insurance Company:    Great American Insurance Co.
               Effective Date:    11/4/03
               Expiration Date:    11/4/04

Gentlemen:

This is to notify you that an action has been commenced against Bostonview Corporation, The Boston Society of the New Jerusalem, Inc., Edward MacKenzie and Thomas Kennedy, who are Officers or Directors. A copy of the Complaint with Exhibits is being sent by overnight mail, together with other papers that have been filed in this action.

Please notify the undersigned if there are any other parties or addressees to which these documents should be sent.

Very truly yours,

*[signature]*
Richard J. McCarthy

Encl.
RJM:kon
cc:    Bostonview Corporation
        The Boston Society of the New Jerusalem, Inc.
        Mr. Edward MacKenzie
        Mr. Thomas Kennedy

Exhibit 4

Executive Liability Division
1515 Woodfield Road
Claims Department
Suite 500
Schaumburg, IL 60173-5409
847.330.6750 ph
847.330.3750 fax

PO Box 66943
Chicago, IL 60666-0943


GREATAMERICAN.
INSURANCE GROUP

March 25, 2004

Ms. Jennifer Dempster
Claims Representative
USI/Hastings-Tapley Insurance Agency, Inc.
121 Gill Street, Suite 5500
Woburn, MA 01888-4043

RE:  Insurer:     Great American Insurance Company
     Insured:     Boston Society of New Jerusalem, Inc./Bostonview Corporation
     Policy No.:  EPP5796942
     Claim No.:   965-584-213-01-1
     The General Convention of the New Jerusalem, et al. v. Edward MacKenzie, et al.

Dear Ms. Dempster:

On behalf of Great American Insurance Company, I acknowledge receipt of your Acord notice and accompanying documents sent on March 2, 2004, giving us notice of the above-referenced lawsuit.

As you know, Great American provides Executive Protection and Employment Practices Liability Insurance to the Boston Society of New Jerusalem pursuant to the terms, conditions, provisions of and endorsements to policy number EPP5796942. The policy provides coverage for Wrongful Acts, including Employment Practices Wrongful Acts, committed or allegedly committed by an Insured or Insured Persons, as those terms are defined in the policy. The policy provides a $1 million aggregate limit of liability subject to a retention of $5,000 for each Claim.

The above lawsuit has been brought by George Chapin, as a member of the Insured Organization, along with the General Convention of the New Jerusalem in the United States, and the Massachusetts Association of the New Jerusalem. The named defendants are Edward MacKenzie, and Thomas Kennedy, Trustees and Officers of the Organization, and the Organization itself. The complaint, filed on or about February 27, 2004, in the U.S. District Court of the District of Massachusetts, accuses MacKenzie and Kennedy of racketeering, common law fraud, extortion and mail fraud in their scheme to infiltrate and eventually take over the operations of the 185-year old Church to obtain control over a $30 million piece of property. The complaint brings counts for violations of RICO, breach of fiduciary duties, common law fraud and the Massachusetts Deceptive Practices Act.

Ms. Jennifer Dempster
March 25, 2004
Page 2

After a review of the complaint, we regret to inform you that Great American insurance is denying coverage for this claim because it is specifically excluded by the Insured v. Insured clause of the Great American policy. In that regard, I direct you to Section IV. H. of the policy which states:

This policy does not apply to any Claim made against any Insured:

H.  *by, or for the benefit of, or at the behest of the Organization or a Subsidiary or any entity which controls, is controlled by, or is under common control with the Organization or a Subsidiary, or .. any person or entity which succeeds to the interest of the Organization or Subsidiary;* (emphasis added)

Clearly, this Claim is being brought on behalf of and in the name of the Organization, by a member, in conjunction with related national and state entities. Each and every count of the complaint states that it is being brought by the plaintiff, George Chapin, on behalf of himself, the Church, (our Insured), Bostonview, (an Insured entity of the Church), and all others similarly situated, as members of the Church and beneficial stockholders of Bostonview. This action is being brought in the name of Mr. Chapin by and for the benefit of the Church, which has allegedly been the victim of the Individuals named as defendants herein. In light of the foregoing, we assume no duty to defend any Insured in this litigation.

Our denial of coverage is based upon the issues set forth herein and is not intended and should not be construed to limit, waive or restrict our right to raise other coverage issues that become apparent. Our position regarding coverage is based solely on the information that has been provided to date. If you believe that our position is in error, please submit any information on which you base your conclusion and we will be happy to review it and determine how and if it impacts on this issue.

Should you have any questions or comments, please do not hesitate to contact me.

Very truly yours,
GREAT AMERICAN INSURANCE COMPANY

Judith M. Pietrucha
Managing Claims Attorney
Executive Liability Division
(847) 330-3753

JMP/cak

cc:  Michelle Moriello
     Boston Society of New Jerusalem, Inc.
     c/o Winn Residential, LP
     6 Faneuil Hall Marketplace
     Boston, MA 02109

Exhibit 5



Executive Liability Division
1515 Woodfield Road
Claims Department
Suite 500
Schaumburg, IL 60173-5499
847 330 6750 ph
847 330 6890 fax

PO Box 66943
Chicago, IL 60666-0943

**GREATAMERICAN.**
INSURANCE GROUP

received
6/4/04

May 28, 2004

William J. McCarthy
Edwards & Angell, LLP
101 Federal Street
Boston, MA 02110

RE:  Insurer:    Great American Insurance Company
     Insured:    Boston Society of New Jerusalem, Inc./Bostonview Corporation
     Policy No.: EPP5796942
     Claim No.:  965-584-213-01-1
     <u>The General Convention of the New Jerusalem, et al. v. Edward MacKenzie, et al.</u>

Dear Mr. McCarthy:

Great American Insurance acknowledges receipt of your letter dated May 13, 2004, enclosing invoices for your firm as well as the firm of Todd & Weld in the above referenced lawsuit. Please be advised that Great American Insurance has declined coverage for the above-referenced lawsuit as explained more fully in our March 25, 2004 letter addressed to Ms. Jennifer Dempster of USI/Hastings-Tapley Insurance and the Insured. Consequently we will not be providing reimbursement for these expenses. Further, by responding to your inquiry, Great American Insurance is not waiving any of its previous positions on coverage.

Should you have any questions or comments, please do not hesitate to contact me.

Very truly yours,
GREAT AMERICAN INSURANCE COMPANY

*Judith M. Pietrucha*

Judith M. Pietrucha
Managing Claims Attorney
Executive Liability Division
(847) 330-3753

JMP/me
cc:   Michelle Moriello
      Boston Society of New Jerusalem, Inc.
      c/o Winn Residential, LP
      6 Faneuil Hall Marketplace
      Boston, MA 02109

Exhibit 6

# Edwards & Angell LLP

101 Federal Street   Boston, MA 02110   617.439.4444   fax 617.439.4170

Richard J. McCarthy
617.951.2230
fax 617.439.4170
rmccarthy@edwardsangell.com

June 9, 2004

Ms. Jennifer Pietrucha
Managing Claims Attorney
Executive Liability Division
Great American Insurance Companies
1515 East Woodfield Road
Suite 500
Schaumburg, IL 60173

    Re:   Insurer:    Great American Insurance Company
             Insured:    Boston Society of New Jerusalem, Inc./Bostonview Corporation
             Policy No.:  EPP5796942
             Claim No.:  965-584-213-01-1
             The General Convention of the New Jerusalem, et al. v. Edward MacKenzie, et al.

Dear Ms. Pietrucha:

Thank you for your letter dated May 28, 2004, which I received on June 4, 2004. Your letter references a March 25, 2004 letter addressed to Ms. Jennifer Dempster of USI/Hastings-Tapley Insurance and the Insured. I had not previously received a copy of such a letter, but have since obtained a copy of a letter dated March 25, 2004 addressed to Ms. Jennifer Dempster of USI/Hastings-Tapley Insurance, which I assume is the letter to which you refer.

All Insureds and Insured Persons vigorously dispute your disclaimer of coverage, and reserve all rights with respect thereto. This letter, however, is limited to explaining to you that your assumptions and reasoning are mistaken with respect to the Boston Society of the New Jerusalem, Inc./Bostonview Corporation (the "Insureds"). It is our hope that you will promptly agree and reimburse the Insureds for their expenses.

Edwards &Angell LLP

Ms. Jennifer Pietrucha
June 5, 2004
Page 2

The Complaint asserts only two claims against the Insureds, namely Count IV and Count V. Both claims are asserted on behalf of the General Convention of the New Jerusalem in the United States of America, Inc. (the "General Convention") and the Massachusetts Association of the New Jerusalem, Swedenborgian (the "Association"). Unlike all of the other claims in the Complaint, which are derivative claims asserted by "plaintiff, George Chapin, on behalf of himself, the Church, Bostonview, and all other persons similarly situated, as a member of the Church and beneficial holder of stock in Bostonview" (see paragraphs 112, 122, 132, 155, 163, 171, and 180), Counts IV and V are not derivative claims and do not contain this assertion. Moreover, the relief requested against the Insureds are specifically for the benefit of the Convention or the Association. For example, Count IV, ¶ 145, states as to the relief requested: "As a result, the Church's assets must be transferred to the Denomination [General Convention]." Further, as the headings for each of the Counts makes clear, co-defendants Edward MacKenzie and Thomas Kennedy (the "Insured Persons") are the sole defendants for Counts I, II, III, VI, VII, VIII, IX, and the Insureds are the sole defendants with respect to Counts IV and V.

Thus, the coverage question raised is whether the General Convention and the Association control, are controlled by, or are under common control with the Church and Bostonview. Neither the Association nor the General Convention is entity which controls, is controlled by, or is under common control with the Insureds. This is unquestionably true as a matter of fact and of law. We are not aware of any documentation or case law that establishes any such control. If

BOS_443345_1/RMCCARTHY

## Edwards & Angell LLP

Ms. Jennifer Pietrucha
June 5, 2004
Page 3

you have any such documentation, please provide us with a copy. The General Convention and the Association are entities which function as no more than voluntary associations of similarly-minded institutions whose members come and go as they see fit. Neither the Church nor Bostonview belongs to either the General Convention or the Association.

It is my hope that, with a better understanding of the claims that are asserted against the Insureds, you will conclude that your initial decision with respect to the Insureds is incorrect and, therefore, will reimburse the Insureds for their expenses. The expenses previously submitted which are solely the Insureds' expenses are the invoices for legal fees due Edwards & Angell, LLP, counsel to the Insureds. The invoices for legal fees due Todd & Weld are not expenses of the Insureds because Todd & Weld is separate counsel for the Insured Persons, who continue to reserve all their rights under the policy.

Very truly yours,

Richard J. McCarthy

Exhibit 7

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GENERAL CONVENTION OF THE NEW JERUSALEM IN THE UNITED STATES OF AMERICA, INC., MASSACHUSETTS ASSOCIATION OF THE NEW JERUSALEM (SWEDENBORGIAN), and GEORGE CHAPIN, <br><br> Plaintiffs, <br><br> v. <br><br> EDWARD MACKENZIE, THOMAS KENNEDY, BOSTON SOCIETY OF THE NEW JERUSALEM, INC. (SWEDENBORGIAN), and BOSTONVIEW CORPORATION, <br><br> Defendants. | CIVIL ACTION <br> No. 04-10419-WGY |

ORDER

YOUNG, C.J.                                                July 20, 2004

I.  INTRODUCTION

The General Convention of the New Jerusalem in the United States of America, Inc., the Massachusetts Association of the New Jerusalem (Swedenborgian), and George Chapin (collectively, the "Plaintiffs"), bring this action alleging that individual defendants Edward MacKenzie and Thomas Kennedy wrongfully assumed control of the Boston Society of the New Jerusalem, Inc. (Swedenborgian) (the "Boston Church") and the Bostonview

Corporation (collectively with the individual defendants, the "Defendants") and exploited their charitable assets for personal gain. On March 22, 2004, the Defendants moved to dismiss, challenging, inter alia, the adequacy of the Plaintiffs' claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-1968. [Doc. Nos. 2, 3]. The Court denied the motions on April 28, 2004 without prejudice to their renewal. A parallel action brought against the Boston Church by the Massachusetts Attorney General has since been resolved by entry of a consent judgment. See Commonwealth v. Boston Society of the New Jerusalem, Inc., Civ. A. No. 04-2597 (Ma. Super. Ct. June 16, 2004).[1] The Defendants accordingly renew their motions to dismiss. [Doc. Nos. 29, 30].

II. DISCUSSION

To state a claim under 18 U.S.C. § 1962, plaintiffs must at a minimum allege related predicate acts that "amount to or pose a threat of continued criminal activity." H.J. Inc. v. Northwestern Bell Tel. Co., 492 U.S. 229, 239 (1989). Here, the Plaintiffs allege predicate acts spanning a "relatively modest" period of fourteen months. Efron v. Embassy Suites (P.R.), Inc., 223 F.3d 12, 19 (1st Cir. 2000); accord Divot Golf Corp. v.

---

[1] Although the consent judgment arises "outside the pleading," Fed. R. Civ. P. 12(b), the Court considers it here as a public record "susceptible to judicial notice." See In re Colonial Mortgage Bankers Corp., 324 F.3d 12, 15-16 (1st Cir. 2003).

2

Citizens Bank, No. 02-CV-10654, 2002 WL 31741472, at *5 (D. Mass. Nov. 26, 2002) (Saris, J.) ("[C]ourts, including the First Circuit, have taken a jaundiced view of alleged patterns lasting less than two years."). Further, in light of the consent judgment entered by the Superior Court -- which provides for continued oversight by the Massachusetts Attorney General -- the Court need not credit bald assertions that the Defendants nevertheless pose a threat of repeated mismanagement. Cf. Frew ex rel. Frew v. Hawkins, 124 S. Ct. 899, 906 (2004) ("As public servants, the officials of the State must be presumed to have a high degree of competence in deciding how best to discharge their governmental responsibilities."). The Plaintiffs' allegations of continuity thus fall short, and their RICO claims must be dismissed.

Where, as here, the plaintiff's only federal claims are dismissed before trial, "the balance of competing factors ordinarily will weigh strongly in favor of declining jurisdiction over state law claims." Camelio v. American Fed., 137 F.3d 666, 672 (1st Cir. 1998). Here, the balance of factors is further tilted both by the continuing involvement of the Massachusetts Attorney General and by the states' traditional concern with the proper administration of charitable trusts. See Synanon Found., Inc. v. California, 444 U.S. 1307, 1307 (1979). The Court

3

therefore declines to exercise jurisdiction over the Plaintiffs' supplemental claims. 28 U.S.C. § 1367(c).

III. CONCLUSION

For the foregoing reasons, the Defendants' Renewed Motions to Dismiss [Doc. Nos. 29, 30] are ALLOWED with prejudice as to the Plaintiffs' RICO claims. The Plaintiffs may pursue their supplementary state law claims in the Massachusetts Superior Court sitting in and for the County of Suffolk, to which court these claims are remanded.

SO ORDERED.

/s/ William G. Young
WILLIAM G. YOUNG
CHIEF JUDGE

4