Exhibit 9

# TODD & WELD LLP

ATTORNEYS AT LAW
28 STATE STREET
BOSTON, MASSACHUSETTS 02109

HOWARD M. COOPER
Email: hcooper@toddweld.com

TELEPHONE: (617) 720-2626
FACSIMILE: (617) 227-5777
www.toddweld.com

September 10, 2004

**OVERNIGHT MAIL**

Judith M. Pietrucha
Great American Insurance Company
Executive Liability Division
1515 Woodfield Road
Claims Department
Suite 500
Schaumburg, IL 60173-5499

Re:    Insurer:       Great American Insurance Company
       Insureds:      Thomas Kennedy/Edward MacKenzie
       Policy No.:    EPP5796942
       Claim No.:     965-584-213-01-1
       The General Convention of the New Jerusalem, et al. v. Edward MacKenzie, et al.

Dear M. Pietrucha:

Please be informed that this office represents Thomas Kennedy ("Mr. Kennedy") and Edward MacKenzie ("Mr. MacKenzie"), both of whom are insureds under Great American Insurance Company ("GAIC") Policy No. EPP5796942.

I enclose a copy of an Amended Complaint filed against Messrs. Kennedy and MacKenzie now pending in state Superior Court in Suffolk County, Massachusetts. This Amended Complaint filed in state court follows the successful dismissal (with prejudice with regard to the RICO claim) of the plaintiffs' original Complaint filed in the United States District Court in Boston (a copy of which I understand is already in your possession). Messrs. Kennedy and MacKenzie hereby demand coverage, including for their costs of defense, for all matters.

It is my understanding from counsel at Edwards & Angell LLP that GAIC previously has attempted to disclaim coverage for the Boston Society of New Jerusalem, Inc. and Bostonview Corporation based upon the "insured versus insured" exclusion in its policy. As the enclosed Amended Complaint demonstrates, however, there is no basis for GAIC to assert this exclusion where The General Convention of the New Jerusalem in the United States of America, Inc. is bringing claims against Messrs. Kennedy and MacKenzie. As previously explained by Edwards & Angell LLP, the Convention is an independent entity and not an insured.

Judith M. Pietrucha
September 10 2004
Page 2

Litigation activity to date in this matter has been very intense. Prior to our successfully obtaining the dismissal of the case from federal court on jurisdictional grounds and the dismissal with prejudice of the RICO claim, United States District Court Judge William Young had set the matter down for trial this September with an expedited discovery schedule. As a result, your insureds have incurred to date substantial attorneys fees and costs for which they are entitled to timely reimbursement. Further, as the case is now pending in our state Superior Court and a status conference date of September 22, 2004 has been set, it is important that GAIC now confirm coverage and timely reimburse litigation costs.

Accordingly, I respectfully request that GAIC forthwith confirm coverage for Messrs. Kennedy and MacKenzie and reimburse their bills incurred to date. I am enclosing Todd & Weld LLP's bills to Messrs. Kennedy and MacKenzie to date incurred in connection with the pending lawsuit totaling $154,526.81.

I look forward to hearing from you.

Very truly yours,

Howard M. Cooper

HMC/mt
Encls.

cc:     Thomas Kennedy (w/o encls.)
        Edward MacKenzie (w/o encls.)

Exhibit 10

# TODD & WELD LLP

ATTORNEYS AT LAW
28 STATE STREET
BOSTON, MASSACHUSETTS 02109

NICHOLAS B. CARTER
Email: ncarter@toddweld.com

TELEPHONE: (617) 720-2626
FACSIMILE: (617) 227-5777
www.toddweld.com

November 3, 2004

BY FIRST CLASS MAIL

Thomas M. Sheffield
Boundas, Skarzynski, Walsh & Black, LLC
200 East Randolph Drive, Suite 7200
Chicago, IL 60601

Re:    The General Convention of the New Jerusalem in the United States of America,
       Inc., et al v. Edward Mackenzie, et al.

Dear Mr. Sheffield:

Enclosed please find copies of:

1.    Complaint (filed in federal court which was then transferred to state court when
      the federal action was dismissed),

2.    Defendants Edward McKenzie and Thomas Kennedy's Motion and
      Memorandum to Dismiss (filed in state court);

3.    Plaintiff's Opposition to Defendants Edward McKenzie and Thomas Kennedy's
      Motion and Memorandum to Dismiss (filed in State court)

4.    Defendants Boston Society of the New Jerusalem, Inc. and Bostonview
      Corporation's Motion to Dismiss (filed in State court); and

5.    Plaintiff's Opposition to Defendants Boston Society of the New Jerusalem, Inc.
      and Bostonview Corporation's Motion to Dismiss (filed in State court).

Please contact me if you have any questions.

Very truly yours,

Nicholas B. Carter

NBC/mjm
Enclosures
cc:    Howard M. Cooper, Esq. (w/o encls.)

Exhibit 11

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS                                                SUPERIOR COURT
                                                          NO. 04-3432H

THE GENERAL CONVENTION OF THE NEW JERUSALEM IN THE UNITED
STATES OF AMERICA, INC. ET AL., PLAINTIFFS
v.

EDWARD MACKENZIE, ET AL., DEFENDANTS

## MEMORANDUM OF DECISION ON DEFENDANTS' MOTIONS TO DISMISS

This lawsuit alleges that two master defrauders, MacKenzie and Kennedy, have gained control over the Boston Society Of the New Jerusalem, Inc. (the Church) through manipulation of its mentally ill minister, Rev. Stephen Ellis, and the admission of new members not truly committed to Swedenbogian principals, and consequently have and will continue to milk the Church of its substantial assets. Following an investigation, the plaintiff General Convention of the New Jerusalem (General Convention), the mother organization of the congregational Swedenbogian churches, proposed certain disciplinary actions against the minister which apparently were not acceptable to him and the majority of church members. Thereafter the Church voted to disaffiliate with the General Convention. The attorney general, pursuant to his oversight responsibilities concerning public charities, instituted a separate action against the Church which resulted in a consent judgment in June, 2004 providing substantial financial controls and reporting responsibilities on the Church to the attorney general.[1]

NOTICE SENT: 12/09/2004    (ah)
G.E.H. -C.J.T.            H.M.C.,N.C., J.H.R.
H.&K.                     T.&W.

---

[1] Commonwealth v. Boston Society of the New Jerusalem, Inc., Suffolk Superior Court No. 04-2597.

1

The defendants now move to dismiss this multi-count amended complaint for a variety of reasons. After hearing and review, I am persuaded that defendants' motions must be allowed for the following reasons.

First, the General Convention's claim that the Church's assets passed to it once the Church disaffiliated pursuant to article X, section 3, of the Church bylaws, is not correct. That section, headed "Dissolution" provides:

> In the event that the religious body known as the Boston Society of the New Jerusalem, Inc. shall cease to exist, all funds and holdings shall be transferred to the General Convention of the New Jerusalem in the United States of America.
>
> These assets shall be held in escrow for the establishment of another General Convention of the New Jerusalem (Swedenborgian) church within the city of Boston, Massachusetts. After a period of twenty (20) years, should no such church exist, the capital and income therefrom shall revert to the General Convention of the New Jerusalem (Swedenbogian) with any restrictions of uses which may have been voted by the Society members at the time of dissolution.

By the terms of the bylaw, the assets only pass to the General Convention if the Church "shall cease to exist". That has not occurred. We are dealing with a congregational rather than a hierarchical religious organization. Nothing compels Swedenborgian churches to affiliate with the mother organization. If the Church had wished to enact a bylaw providing that assets would be transferred to the General Convention upon disaffiliation, it could have done so. "Cease to exist", in plain English; does not mean "disaffiliation".

Second, none of the plaintiffs have standing to pursue the numerous claims of mismanagement and misappropriation of assets. Such authority rests exclusively with the attorney general. Weaver v. Wood, 425 Mass. 270 (1997). So far as it appears, the attorney general has been carrying out his statutory responsibilities.

2

Third, those claims that assert fraud or other wrongdoing in the admission of new members must be dismissed because to hear such claims would necessarily intrude into matters of religious doctrine. The First Amendment of United States Constitution prohibits judicial encroachment into church decisions involving "matters of doctrine, canon law, polity, discipline and ministerial relationships." Callahan v. First Congregational Church of Haverhill, 441 Mass. 699, 708-709 (2004).

Fourth, the chapter 93A claim must be dismissed because the dispute involves the internal operations of the Church rather than trade or commerce. Chapter 93A does not apply to such intra-organizational disputes. See Szalla v. Locke 421 Mass. 448, 452 (1995).

Fifth, the RICO counts must be dismissed because they are barred by the doctrine of res judicata. Chief Justice Young previously dismissed these claims when the case was in the United States District Court. The plaintiffs are not entitled to a second bite at the apple in this court.

## ORDER

Defendants' motions to dismiss are **allowed**.

Patrick F. Brady
Justice, Superior Court

7 Dec. 04

3

Exhibit 12

# TODD & WELD LLP

ATTORNEYS AT LAW
28 STATE STREET
BOSTON, MASSACHUSETTS 02109

NICHOLAS B. CARTER
Email: ncarter@toddweld.com

TELEPHONE: (617) 720-2626
FACSIMILE: (617) 227-5777
www.toddweld.com

December 9, 2004

CERTIFIED MAIL
RETURN RECEIPT REQUESTED

Thomas M. Sheffield
Boundas, Skarzynski, Walsh & Black, LLC
200 East Randolph Drive, Suite 7200
Chicago, IL  60601

Re:   Insurer:        Great American Insurance Company
      Insureds:       Boston Society of the New Jerusalem, Inc./Bostonview Corporation/
                      Thomas Kennedy/Edward MacKenzie
      Policy No.:     EPP5796942
      Claim No.:      965-584-213-01-1
      The General Convention of the New Jerusalem, et al. v. Edward MacKenzie, et al.

Dear Mr. Sheffield:

Please be advised that this office represents the Boston Society of the New Jerusalem, Inc. ("BSNJ") an Bostonview Corporation ("Bostonview") (collectively "the Insureds"), in addition to Edward MacKenzie and Thomas Kennedy (collectively "the Insured Persons"), regarding insurance coverage. The Claims upon which the Insureds and Insured Persons have requested coverage were asserted originally in the United States District Court for the District of Massachusetts, Civil Action No. 04-10419-WGY, and, after the action was dismissed and remanded, in the Suffolk Superior Court for the Commonwealth of Massachusetts, Civil Action No. 04-3432H (collectively "the Civil Action").

I am writing to follow up on our prior communications regarding the status of this insurance coverage matter. Several weeks ago, I provided various documents to you at your request because you informed me that they were necessary for the investigation that Great American Insurance Company ("Great American") was conducting regarding whether to provide coverage. I have not heard back from you. It is imperative that Great American let this office know whether it will provide coverage for the Insureds and the Insured Persons.

Great American previously disclaimed coverage based on the Insured v. Insured exclusion in the insurance policy agreement ("Agreement"). However, after this firm and Edwards & Angell LLP acting on behalf of the Insureds and the Insured Persons, provided information concerning the inapplicability of this exclusion, Great American agreed to investigate the coverage issue further.

Thomas M. Sheffield
December 9, 2004
Page 2

Pursuant to the Agreement between the Insureds and Great American and notice that the Insureds and Insured Persons provided in March 2004, Great American has had an obligation for nearly ten (10) months to agree to provide insurance coverage, including coverage for the Costs of Defense incurred by the Insureds and Insured Persons in connection with the defense of the Civil Action. The Insureds and Insured Persons have incurred substantial Costs of Defense and are entitled to prompt payment of these expenses.

Great American has breached the Agreement by denying coverage and by withholding reimbursement of these Costs of Defense. By failing to acknowledge its insurance obligation and to act reasonably promptly to provide coverage upon notice of the Civil Action, Great American also has violated Massachusetts General Laws Chapter 176D and/or Chapter 93A, which establish the right of the Insureds to bring a claim against Great American for bad faith and unfair claims handling.

The Insureds and Insured Persons hereby demand immediate acknowledgement that Great American will provide coverage in full for the claims asserted against them in the Civil Action. If Great American does not provide a response within ten (10) days to this demand, the Insureds and Insured Persons will commence a legal action in Massachusetts for breach of contract and for violation of Chapter 176D and/or Chapter 93A. If successful in the contract action, the Insureds and Insured persons will be entitled to recover all of their attorneys' fees and costs in establishing the right to insurance coverage. If successful in their claim for violation of Chapter 176D and/or Chapter 93A, the Insureds and Insured Persons will be entitled to multiple damages as well as attorney's fees.

I look forward to your prompt response and attention to this matter.

Very truly yours,

Nicholas B. Carter

NBC/mjm
cc:    Rex Ellis
       Howard M. Cooper, Esq.

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Thomas M. Sheffield
Boundas, Skarzynski Walsh & Black
200 East Randolph Drive
Suite 7200
Chicago, IL  60601

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X  M. Garcia
☐ Agent
☐ Addressee

B. Received by (Printed Name)      C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
   ☒ Certified Mail      ☐ Express Mail
   ☐ Registered          ☐ Return Receipt for Merchandise
   ☐ Insured Mail        ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)      7004 0550 0000 4640 6984

PS Form 3811, February 2004      Domestic Return Receipt      102595-02-M-1540

Exhibit 13

**BSWB**

ATTORNEYS AT LAW

CHICAGO
NEW YORK
LONDON

Boundas, Skarzynski, Walsh & Black, LLC

200 East Randolph Drive  Suite 7200  Chicago, Illinois 60601
P: 312 946 4200  F: 312 946 4272  W: www.bswb.com

Thomas M. Sheffield

Direct Dial: 312 946 4274
tsheffield@bswb.com

December 15, 2004

**VIA FACSIMILE    (617) 227-5777
AND U.S. MAIL**

Nicholas Carter, Esq.
Todd & Weld, LLP
28 State Street
Boston, Massachusetts  02109

Re:    **Non Profit Organization Executive Protection and Employment Practices
Liability Insurance**

| | |
|---|---|
| Policy No.: | EPP5796942 |
| Insured: | BOSTON SOCIETY OF NEW JERUSALEM, INC./BOSTONVIEW CORPORATION |
| Location: | BOSTON, MASSACHUSETTS |
| Claimants: | THE GENERAL CONVENTION OF THE NEW JERUSALEM IN THE U.S.A., ET AL. |
| GAIC Claim No. | 965-584-213-01-1 |
| Our File No.: | 13215 |

Dear Nick:

As you know, this firm was retained by Great American Insurance Company ("Great American") to represent it interests and to assist with the investigation and evaluation of coverage under the above-referenced Policy issued to Boston Society of New Jerusalem, Inc. We have your letter of September 10, 2004 and wish to respond.

Briefly, based upon the information we have received, and upon consideration of various issues involved in the underlying matter, Great American agrees to provide a defense to the state court litigation described below and subject to Great American's full reservation of rights, also outlined below.  This letter will provide a brief description of the Policy provisions and will identify certain preliminary coverage issues that appear to us at this time.  Given    the    issues presented by this matter, we do believe it would be helpful to meet with you in Boston sometime in the next few weeks.

It is our understanding that the current state court litigation arises from earlier litigation filed on or around February 27, 2004, when the General Convention of the New Jerusalem in the United States of America (the "National Organization"), the Massachusetts Association of the New Jerusalem (the "State Organization") and George Chapin (a local member), sought a

**BSWB**

preliminary injunction to enjoin the dissipation of assets (an apartment building) belonging to the Boston Society of the New Jerusalem (the "Local Congregation").

The federal complaint, which was formally styled *The General Convention of the New Jerusalem in the United States of America, Inc., the Massachusetts Association of the New Jerusalem (Swedenborgian), and George Chapin v. Edward MacKenzie, Thomas Kennedy, The Boston Society of the New Jerusalem, Incorporated (Swedenborgian), and Bostonview Corporation,* set forth nine different causes of action, as follow:

1.  RICO violations § 18 USC §1962(b) against MacKenzie and Kennedy;

2.  RICO violations § 18 USC §1962(c) against MacKenzie and Kennedy;

3.  RICO violations § 18 USC §1962(d) against MacKenzie and Kennedy;

4.  Declaratory Judgment against the Local Congregation and Bostonview for breach of By-Laws: the Denomination is entitled to hold the apartment house and other church assets in escrow;

5.  Declaratory Judgment against the Local Congregation for breach of By-Laws as to membership;

6.  Derivative breach of fiduciary duty as to the Local Congregation against MacKenzie and Kennedy;

7.  Derivative breach of fiduciary duty as to Bostonview against MacKenzie and Kennedy;

8.  Derivative claim against MacKenzie and Kennedy; and

9.  Derivative claim against MacKenzie and Kennedy.

The federal complaint alleged a pattern of racketeering activity by MacKenzie and defendant Thomas Kennedy by the use of extortion and other means. These efforts, the federal complaint alleged, were designed by MacKenzie and Kennedy to obtain the votes of Local Congregation members in order to convert the assets of Bostonview, primarily the apartment building owned by Bostonview and the Local Congregation. Each count in the federal complaint was also brought by plaintiff George Chapin, on behalf of himself, the Local Congregation (an Insured entity), Bostonview (an Insured entity), and all other persons similarly situated, as a member of the Local Congregation and beneficial holder in stock of Bostonview.

It is our understanding that on July 27, 2004, the federal court dismissed all of the RICO counts with prejudice. The court also dismissed the other counts, but allowed the plaintiffs to bring those counts in state court. It is our further understanding that the plaintiffs almost immediately filed a complaint in the Superior Court for Suffolk County, Massachusetts. This matter is now formally styled *The General Convention of the New Jerusalem in the United States of American, Inc., the Massachusetts Association of the New Jerusalem (Sweden Borgian), and*

**BSWB**

Nicholas Carter, Esq.
Todd & Weld, LLP
December 15, 2004]
Page 3

*George Chapin v. Edward MacKenzie, Thomas Kennedy, The Boston Society of the New Jerusalem, Inc. (Sweden Borgian), and Bostonview Corporation,* case no. 04-3432H. The State Court Complaint was amended in August 2004; following amendment, we understand that the State Court Complaint sets forth the following causes of action:

1. Declaratory judgment against the Local Congregation and Bostonview for breach of by-laws and for a declaration that the denomination is entitled to hold the apartment house and other church assets in escrow;

2. Conversion against MacKenzie and Kennedy;

3. Unjust enrichment/restitution against MacKenzie and Kennedy;

4. Declaratory judgment against the Local Congregation for breach of by-laws as to membership;

5. Derivative claim for breach of fiduciary duty to Local Congregation against MacKenzie and Kennedy;

6. Derivative claim for breach of fiduciary duty to Bostonview against MacKenzie and Kennedy;

7. Derivative claim for fraud against MacKenzie and Kennedy;

8. Derivative claim against MacKenzie and Kennedy for unfair and deceptive acts under Massachusetts General Laws Chapter 93A;

9. RICO violations § 18 USC §1962(b) against MacKenzie and Kennedy;

10. RICO violations § 18 USC §1962(c) against MacKenzie and Kennedy;

11. RICO violations § 18 USC §1962(d) against MacKenzie and Kennedy;

We have received the various motions to dismiss as well as the plaintiffs' response. It is our understanding that a hearing on defendants' motions to dismiss is likely to be held in early December. Please let us know when the hearing is scheduled and whether you will be available to meet following the hearing.

To the extent that this correspondence addresses coverage under the Policy, it does so only within the context of the matters described herein. This correspondence is not intended to provide an exhaustive analysis of all potentially applicable coverage issues. Additionally, coverage under the Policy is also subject to certain exclusions and other provisions of the Policy, the applicability of which cannot be finally ascertained until the conclusion of the underlying proceedings or further investigation into this matter. Therefore, Great American expressly reserves all of its rights, remedies, and defenses in connection with this matter. Our enumeration of various coverage positions in this correspondence shall not serve to waive any rights, remedies or defenses that Great American may not have or may obtain in the future.

**BSWB**

As you are aware, Great American issued the Non-Profit Organization Executive Protection and Employment Practices Liability Insurance Policy number EPP5796942 for the Policy Period November 4, 2003 to November 4, 2004. The Policy provides a $1 million limit of liability and is subject to a per claim retention of $5,000. The Policy includes a duty to defend.

Coverage for this or any other matter under the Policy as invoked by operation of Section I. Insuring Agreement. This Section states:

> If during the **Policy Period** or the **Discovery Period** any **Claim** is first made against an **Insured** for a **Wrongful Act**, including an **Employment Practices Wrongful Act**, the **Insurer** shall pay on their behalf **Loss** resulting from such **Claim**. The **Insurer** has the right and duty to defend any **Claim** to which this insurance applies, even if the allegations of the **Claim** are groundless, false of fraudulent.

As you know, Great American denied coverage for this matter on March 25, 2004 based on the application of the "Insured vs. Insured" Exclusion contained in Section IV.H. of the Policy. That section excludes coverage for claims made against any Insured:

> by, or for the benefit of, or at the behest of the **Organization** or a **Subsidiary** or any entity which controls, is controlled by, or is under common control with the **Organization** or a **Subsidiary**, or any person or entity which succeeds to the interest of the **Organization** or a **Subsidiary**;

Based on the materials we have reviewed, it appears that the amended state court complaint does not contain the same language as the federal complaint and, specifically, does not premise each and every count upon George Chapin's membership within the Local Congregation.

Moreover, it appears that some of the counts set forth in the amended state court complaint appear to now have been brought exclusively by the National and State organizations. In particular, the National and State organizations seek to obtain a declaration that they are entitled to hold the assets of the Local Congregation as a result of its disaffiliation from the denomination. In Counts II., and III., in particular, the plaintiffs argue that the "assets and funds of the [Local Congregation] are the rightful property of the [plaintiffs] . . ." and that, "justice and equity demand that the [National and State Organizations] have an immediate right of restitution regarding these assets and funds."

Taking the pleadings as a whole, it appears that the Local Congregation is not controlled by the National and/or State organizations. Rather, the Local Congregation is (was) merely *affiliated* with those larger organizations. If our understanding of this relationship is incorrect, please advise immediately. For that reason, it appears that the allegations brought by the

**BSWB**

National and State organizations, as amended in the state complaint, may no longer fall within the parameters of the Policy's Insured vs. Insured exclusion.

Importantly, however, these new allegations do not alter the fact that the litigation previously fell outside the Policy's coverage due to the allegations contained in the federal complaint. For that reason, Great American reserves all its rights, remedies and defenses, with respect to this matter, including the right to deny coverage for Costs of Defense incurred in responding to the federal complaint.

We note that the Policy defines the term Loss, at Section III.G., as:

> settlements and judgments, and subject to the provisions of Section V and Section VI, **Costs of Defense** incurred by the **Insured**, provided always, however, **Loss** shall not include taxes, criminal or civil fines or penalties imposed by law, punitive or exemplary damages, or the amount of any multiple damage award which is in excess of the damage aware which was so multiplied, or any matter which may deemed uninsurable under the law pursuant to which this Policy shall be construed.

Given this definition, liability, if any, as alleged in the amended state court complaint may or may not trigger coverage and/or constitute Loss under the Policy. For that reason, Great American further reserves its rights regarding this matter, including the right to decline coverage for matters not included in the definition of "Loss" under the Policy.

The Policy states that, "[Great American] has the right and duty to defend any **Claim** to which this insurance applies, even if the allegations of the **Claim** are groundless, false or fraudulent." Great American acknowledges that Thomas Kennedy and Edward MacKenzie have retained the law firm of Todd & Weld of Boston as their counsel in this matter. Great American consents to the representation and we ask that you forward copies of your defense fee invoices on a monthly basis to our attention. Additionally, we have been advised that the law firm of Edwards and Angell is no longer representing any of the Insureds in this matter, and that that Joseph R. Nolan is now representing one or more of the defendants. Currently, we have little information about Mr. Nolan's qualifications with respect to this matter and request information regarding his representation, including, but not limited to his curriculum vitae, billable rates, and other information regarding his qualifications. We would appreciate it if you would share with us your understanding of the defense arrangements for the individual defendants and the corporate entities.

It should be noted that Great American normally ordinarily requests the engagement of separate counsel, especially in situations, like this, where the defendants may have divergent opportunities to extricate themselves from the litigation. For example, based on the materials we have received to date, it may well be that the Local Congregation and Bostonview may have

**BSWB**

Nicholas Carter, Esq.
Todd & Weld, LLP
December 15, 2004]
Page 6

defenses which may not be available to Mr. MacKenzie and Mr. Kennedy. With this in mind, we seek to learn more about the roles being served by the various counsel in this matter.

To address the defense costs and coverage issues raised by the representation of the insureds, Great American will ask that each of the Insured defendants enter into an interim funding agreement. We are developing a draft agreement and will forward that to you shortly.

Importantly, the Policy Section VI. Costs of Defense and Settlements, Subsection A., provides:

> No **Insured** shall admit liability, offer to settle, or incur **Costs of Defense** in connection with any **Claim** without the **Insurer's** prior written consent. Such consent shall not be unreasonably withheld. The **Insured** shall provide the **Insurer** with full cooperation and all information which would reasonably be required in order to allow the **Insurer** to reach a decision as to such consent. Any **Costs of Defense** incurred and/settlements agreed to prior to the **Insurer's** consent, thereto shall not be covered hereunder.

Although we appreciate that it may at some point appear reasonable to settle this matter, we remind you that this Policy requires Great American's consent to any settlement. In the event that you should consider settling this matter, you must consult with us before any offer is made. Moreover, we ask that you promptly share with us any compromise proposals made by the plaintiffs.

Great American expressly reserves all its rights, remedies, and defenses in connection with this matter. We thank you for your cooperation and assistance with this matter. As stated above, we would like to meet regarding this matter. Please do let us know about the court's calendar for upcoming hearings. In the meantime, should you have any questions or need any additional information, or should you wish to discuss this matter at any time, please do not hesitate to contact me at the number listed above. We look forward to working with you and the Insureds toward the resolution of this matter.

Very truly yours,

BOUNDAS, SKARZYNSKI WALSH &
BLACK, LLC

By: _____
Thomas M. Sheffield

TMS/pmf
cc:    David T. Burrowes, Esq.
P:\GREA01\13215\Letters\Carter-Nicholas-01-tms.doc

Exhibit 14

# TODD & WELD LLP

ATTORNEYS AT LAW
28 STATE STREET
BOSTON, MASSACHUSETTS 02109

NICHOLAS B. CARTER
Email: ncarter@toddweld.com

TELEPHONE: (617) 720-2626
FACSIMILE: (617) 227-5777
www.toddweld.com

December 16, 2004

BY FACSIMILE – (312) 946-4272
AND FIRST CLASS MAIL

Thomas M. Sheffield
Boundas, Skarzynski, Walsh & Black, LLC
200 East Randolph Drive, Suite 7200
Chicago, IL 60601

Re:  Insurer:       Great American Insurance Company
     Insureds:      Boston Society of the New Jerusalem, Inc./Bostonview Corporation/
                    Thomas Kennedy/Edward MacKenzie
     Policy No.:    EPP5796942
     Claim No.:     965-584-213-01-1
     Your File No.  13215

Dear Mr. Sheffield:

I have received the letter that you sent me yesterday concerning Great American's agreement to provide defense coverage in connection with the state court litigation, but not the federal court litigation. Before I address the coverage issue, I am pleased to report that based on defendants' motions to dismiss, the state court last week dismissed plaintiffs' claims in their entirety. Plaintiffs have until approximately January 6, 2005 to file a notice of appeal.

With respect to the coverage issue, Great American's original denial of any coverage and its current agreement only to cover the defense of the state litigation cannot be advanced seriously or in good faith. There is no distinction between the federal litigation and the state litigation for purposes of insurance coverage. Though brought in separate courts, the state litigation is the same case as and merely a continuation of the federal litigation.

Great American attempts to draw a distinction arguing that the insured v. insured exclusion does not apply to the state litigation because "some of the Counts set forth in the amended state court complaint appear to now have been brought exclusively by the National and State organizations," whereas the complaint in the federal litigation "premise[d] each and every count upon George Chapin's membership within the Local Congregation."

Respectfully, Great American's position has no merit. One of the principal claims in the federal complaint was brought exclusively by the General Convention (which Plaintiffs refer to

Thomas M. Sheffield
December 16, 2004
Page 2

as "the Denomination" and Great American refers to as the "National Organization"). In Count IV of the federal complaint, the General Convention alone requests a declaration from the Court that the General Convention is entitled to the assets of the Church, including its apartment house. See Paragraph 146 and Caption to Count IV of the Complaint.

The General Convention also was a party to another claim in the federal complaint to which George Chapin was not a party. In Count V, the General Convention and the Massachusetts Association (which Great American refers to as the "State Organization") requested a declaratory judgment concerning Church membership issues. It is clear from the face of the complaint that this claim was not brought by George Chapin as he does not even attempt to meet the derivative claim requirements of Massachusetts Rule of Civil Procedure 23.1, whereas he at least attempts to meet those requirements in connection with other claims in the complaint.

Furthermore, the only party with any potential standing to assert any of the claims in the federal litigation was the General Convention, which asserted a claim to all of the Church's property in Count IV. Plaintiffs understood this point and amended the complaint to add the General Convention as a named party to all the claims. George Chapin clearly never had any basis to assert standing, and the state court reached this same conclusion in its order dismissing plaintiffs' claims. A copy of the state court's decision is attached.

Lastly, the entire case was being financed primarily, if not exclusively, by the General Convention. George Chapin was merely willing to lend his name as a plaintiff. He testified at his deposition that he did not contribute financially to the litigation. For these and other reasons, there is no basis for Great American to disclaim coverage for any part of the defense of the federal or state litigation.

Defendants have incurred substantial litigation costs in defending the litigation in federal and state court and again request Great American's prompt commitment to cover all of these defense costs. If a commitment is not promptly made in writing, then your insureds will have no recourse but to bring claims against Great American for breach of contract and unfair and deceptive insurance practices in violation of Mass. Gen. L. chapter 176D and 93A. Violations of these statutes will subject Great American to multiple damages and attorneys' fees.

I would welcome the opportunity to meet with you in Boston at your earliest convenience so that we can resolve this matter promptly. I am enclosing copies of defense counsel's invoices so that Great American can make prompt payment to the Church and Bostonview to cover these defense costs. There are additional invoices from Edwards & Angell LLP that I am in the process of gathering. I will forward them to you once I receive them.

Please be advised that this firm was retained prior to the dismissal of the state litigation to represent all defendants. This firm has also been retained to represent the insureds in this insurance coverage matter. Therefore, you should direct all future communications to me.

Thomas M. Sheffield
December 16, 2004
Page 3


Please give me a call at your earliest convenience to discuss this coverage dispute and to make arrangements for a meeting in Boston.

Very truly yours,

Nicholas B. Carter

NBC/mjm
Enclosures (by first class mail)
cc:    Rex Ellis, Chairman of the Board of Trustees of the Boston Society of the New Jerusalem, Inc., and Chairman of the Board of Directors of Bostonview Corporation