UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BOSTONG SOCIETY OF THE NEW JERUSALEM, INCORPORATED, BOSTONVIEW CORPORATION, EDWARD MACKENZIE, and THOMAS KENNEDY,<br><br>      Plaintiffs and Counterdefendants,<br><br>v.<br><br>GREAT AMERICAN INSURANCE COMPANY,<br><br>      Defendant and Counterplaintiff. | CIVIL ACTION NO.<br>05-CV-10494-WGY |

**DEFENDANT GREAT AMERICAN INSURANCE COMPANY'S
CROSS-MOTION FOR SUMMARY JUDGMENT**

Defendant, Great American Insurance Company ("Great American"), pursuant to Rule 56 of the Federal Rules of Civil Procedure and LR 56.1, hereby moves for summary judgment in its favor and against Plaintiffs, Boston Society of the New Jerusalem, Incorporated (the "Church"), Bostonview Corporation ("Bostonview"), Edward MacKenzie, and Thomas Kennedy (collectively, the "Insureds"), and states as follows:

1. This dispute involves the parties' respective rights and obligations under Non-Profit Organization Executive Protection and Employment Practices Liability Insurance Policy No. EPP5796942 issued by Great American to the Church (and Bostonview) for the Policy Period November 4, 2003 to November 4, 2004 (the "Policy").

2. As stated in their complaint and in their pending motion for summary judgment, the Insureds' position in this litigation is, in a nutshell, that Great American breached its purported duty under the Policy to defend the Insureds in three underlying matters: 1) a lawsuit

against the Insureds filed in this Court on March 2, 2004, by the General Convention of the New Jerusalem in the United States of America, Inc., the Massachusetts Association of the New Jerusalem (Swedenborgian), and George Chapin (collectively, the "Chapin Plaintiffs") (Case No. 04-10419 WGY) (the "Chapin Federal Lawsuit"); 2) a lawsuit against the Insureds filed in Massachusetts state court on August 2, 2004, by the Chapin Plaintiffs; and 3) an investigation of alleged statutory violations commenced by the Massachusetts Attorney General on November 13, 2003, by the issuance of a Civil Investigative Demand ("CID") to the Church.

3. The Insureds also posit that Great American lacks any plausible basis for denying its purported duty to defend the three underlying matters and, therefore, is liable under Mass. Gen. Laws ch. 176D and Mass. Gen Laws ch. 93A.

4. There is, however, no genuine issue of material of fact as to the lack of any coverage, or any defense obligation on Great American's part, for the Chapin Federal Lawsuit or the Chapin State Lawsuit because each and every count pled in those lawsuits falls within the Policy's "Insured versus Insured Exclusion" and at least one other Policy exclusion.

5. Furthermore, there is no genuine issue of material fact as to the lack of any coverage, or defense obligation on Great American's part, for the Attorney General's investigation because that investigation did not fall within the Policy's definition of the term "Claim." Under the plain language of the Policy, unless and until there is a "Claim," there can be no duty to defend.

6. Inasmuch as Great American's coverage position is not only plausible, but, indeed, rests upon the only reasonable construction of the underlying pleadings and the relevant policy language, Great American cannot, as a matter of law, have any contractual or statutory liability to plaintiffs.

WHEREFORE, Great American respectfully requests this Court to enter an order granting Great American's motion for summary judgment, entering judgment in Great American's favor on its counterclaims, and declaring that:

1. Great American had no obligation to defend, or to reimburse the Insureds' legal expenses incurred in connection with, the Chapin Federal Lawsuit, the Chapin State Lawsuit or the Attorney General's investigation, and, therefore, that Great American is not liable for breach of contract.

2. Great American is not liable to the Insureds for breach of any purported duty of good faith or fair dealing or under any section of Mass. Gen Laws ch. 176D or Mass. Gen Laws. Ch. 93A, or for any unfair or deceptive trade or insurance claim settlement practices.

Dated: August 10, 2005

Respectfully submitted,

GREAT AMERICAN INSURANCE COMPANY

_____
Barbara A. O'Donnell BBO# 544458
Stephen J. Abarbanel BBO# 010110
ROBINSON & COLE LLP
One Boston Place
Boston, MA 02108-4404
(617) 557-5900

**Of Counsel:**

Peter F. Lovato III
Ellen D. Jenkins
BOUNDAS SKARZYNSKI WALSH & BLACK, LLC
200 East Randolph Drive, Suite 7200
Chicago IL 60601
(312) 946-4200
(312) 946-4272 (fax)

Counsel for Defendant/Counterplaintiff
Great American Insurance Company

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of August, 2005, I have served the foregoing document upon all parties to this action by sending a copy by hand or ~~by first class mail, postage prepaid~~, to plaintiffs' counsel of record in his action:

                              Nicholas B. Carter, Esq.
                              Todd & Weld LLP
                              28 State Street
                              Boston, MA 02109

                              _____
                              Barbara O'Donnell