UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BOSTON SOCIETY OF THE NEW JERUSALEM, INCORPORATED, BOSTONVIEW CORPORATION, EDWARD MACKENZIE, and THOMAS KENNEDY,<br><br>　　Plaintiffs/Counterclaim Defendants,<br>v.<br><br>GREAT AMERICAN INSURANCE COMPANY,<br><br>　　Defendant/Counterclaim Plaintiff. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)　　C.A. NO. 05-CV-10494-WGY |

**PLAINTIFFS' RESPONSE TO DEFENDANT'S LOCAL RULE 56.1 STATEMENT IN SUPPORT OF ITS CROSS-MOTION FOR SUMMARY JUDGMENT**

The Plaintiffs Boston Society of the New Jerusalem, Inc., Bostonview Corp., Edward MacKenzie, and Thomas Kennedy (hereafter "the Insureds") pursuant to Local Rule 56.1, submit their response to Defendant's Local Rule 56.1 Statement in Support of Its Cross-Motion for Summary Judgment.

　　1.　　Admitted.

　　2.　　Admitted in part. The Insureds deny that the General Convention is a religious denomination and deny that Chapin is currently a member of the Boston Society of the New Jerusalem, Inc. ("the Church").

　　3.　　Admitted insofar as these allegations were made in the Federal Complaint.

　　4.　　Admitted insofar as these allegations were made in the Federal Complaint. The Federal Complaint is a document that otherwise speaks for itself and, therefore, no further

response is required. To the extent a further response is deemed necessary, the Insureds deny the remaining allegations in this paragraph.

5. Admitted insofar as these allegations were made in the Federal Complaint. The Federal Complaint is a document that otherwise speaks for itself and, therefore, no further response is required. To the extent a further response is deemed necessary, the Insureds deny the remaining allegations in this paragraph.

6. Admitted insofar as these allegations were made in the Federal Complaint. The Federal Complaint is a document that otherwise speaks for itself and, therefore, no further response is required. To the extent a further response is deemed necessary, the Insureds deny the remaining allegations in this paragraph.

7. Admitted insofar as these allegations were made in the Federal Complaint. The Insureds deny that the Federal Complaint alleges Chapin alerted the General Convention. The Federal Complaint is a document that otherwise speaks for itself and, therefore, no further response is required. To the extent a further response is deemed necessary, the Insureds deny the allegations in this paragraph.

8. Admitted insofar as these allegations were made in the Federal Complaint. The Insureds deny that there was any "breach" of the by-laws. Plaintiffs also deny that any of the claims were properly brought as derivate claims on behalf of the Church or Bostonview. The Federal Complaint is a document that otherwise speaks for itself and, therefore, no further response is required. To the extent a further response is deemed necessary, the Insureds deny the remaining allegations in this paragraph.

9. Admitted that this Court dismissed the Complaint in the Federal Lawsuit on July 20, 2004. As for the remaining allegations in this paragraph, the Court's Order speaks for itself. (Exhibit 7 to Plaintiffs' Local Rule 56.1 Statement)

10. Admitted insofar as the Complaint in State Court was filed on or about August 2, 2004, and these are the counts and allegations made in the Amended Complaint which was filed shortly thereafter in the State Lawsuit. Plaintiffs deny that any of the claims were properly brought on behalf of the Church. As for the remaining allegations in this paragraph, the Amended Complaint in the State Lawsuit speaks for itself. To the extent a response is deemed necessary, the remaining allegations in this paragraph are denied. (Exhibit 8 to Plaintiffs' Local Rule 56.1 Statement is not the original Complaint in the State Lawsuit, but is the Amended Complaint).

11. Admitted.

12. Admitted.

13. Admitted insofar as the Attorney General filed a Complaint against the Church in State Court in Massachusetts and these allegations were made. As to the remaining allegations in this paragraph, the Complaint speaks for itself and, therefore, no further response is required. To the extent a further response is deemed necessary, the remaining allegations in this paragraph are denied.

14. Admitted.

15. Admitted. (The policy issued by Great American is attached as Exhibit No. 1, not Exhibit 2, to Plaintiffs' Local Rule 56.1 Statement).

16. Admitted.

17. Admitted.

18. Admitted.

19. Admitted.

20. Admitted.

21. Admitted.

22. Admitted.

23. Admitted that Great American denied coverage for the Federal Lawsuit on March 25, 2004 on grounds that the Insured v. Insured exclusion allegedly precluded coverage and reserved its right to raise "other coverage issues that become apparent." (Exhibit 4 to Plaintiffs' Local Rule 56.1 Statement).

24. Admitted.

25. Admitted that the Insureds' counsel made written demand for coverage on December 9, 2004, and advised Great American that legal action would be commenced if payment in full were not made. The Insureds deny threatening Great American.

26. Admitted that on December 9, 2004, the Insureds' counsel requested coverage from Great American for the Attorney General's Action against the Church and that this constituted the Insureds' first coverage demand for the Attorney General's Action.

27. Admitted that in a December 15, 2004 letter, Great American's counsel again denied coverage for the Federal Lawsuit, but agreed to provide a defense for the State Lawsuit stating:

> Briefly, based upon the information, we have received and upon consideration of the various issues involved in the underlying matter, Great American agrees to provide a defense to the state court litigation described below and subject to Great American's full reservation of rights, also outlined below.
>
> [I]t appears that some of the counts set forth in the amended state court complaint appear to now to have been brought exclusively by the National and State organizations. In particular, the National and State organizations seek to obtain a declaration that they are entitled to hold the assets of the Local Congregation as a result of its disaffiliation. In Counts II, and III, in particular, the plaintiffs argue that the "assets and funds of the [Local Congregation] are the rightful property of the [plaintiffs]..." and that, "justice and equity demand that the [National and State Organizations] have an immediate right of restitution regarding these assets and funds."

4

> Taking the pleadings as a whole, it appears that the Local Congregation is not controlled by National and/or State organizations. Rather, the Local Congregation is (was) merely *affiliated* with those larger organizations. If our understanding of this relationship is incorrect, please advise immediately. For that reason, it appears that the allegations brought by the National and State Organizations, as amended in the state complaint, may no longer fall within the parameters of the Policy's Insured vs. Insured exclusion.

The Insureds specifically deny that Great American's counsel conditioned an agreement to defend the State Lawsuit on execution of an Interim Funding Agreement in the December 15, 2004 letter. Rather, Great American agreed it would defend the State Lawsuit, but would not provide any funds until the Interim Funding Agreement was signed.

28.   Admitted.

29.   Admitted that Great American's counsel sent a letter dated December 7, 2004 to the Insureds' counsel, attaching the proposed Interim Funding Agreement. The Insureds deny that the proposed Interim Funding Agreement would have allowed the Insureds their defense costs in the State Lawsuit, because Great American reserved the right to challenge its liability under the insurance policy and obtain repayment of all defense costs paid to the Insureds. (Exhibit 15 to Plaintiffs' Local Rule 56.1 Statement)

30.   Admitted that the Insureds' counsel and Great American's counsel exchanged letters during the period from January 12, 2005 to January 28, 2005, and that the parties continued to dispute the applicability to the Federal Lawsuit of the Insured v. Insured exclusion. The Insureds deny that the parties disputed the applicability of this exclusion to the State Lawsuit as Great American had already agreed it was not applicable to the State Lawsuit.

31.   Admitted that Great American's counsel met with the Insureds' counsel in Boston in January 2005 to discuss coverage issues and that the Insureds declined to sign Great American's proposed Interim Funding Agreement. The Insureds also admit that at the meeting,

5

Great American's counsel agreed that Great American would consider payment of some of the defense costs in the State Lawsuit, questioning the reasonableness of other defense costs in that lawsuit, but required as a condition that the Insureds sign the Interim Funding Agreement which provided for Great American's right to challenge its liability and to obtain repayment of all defense costs paid to the Insureds. The Insureds also admit that Great American refused to provide a defense for the Federal Lawsuit or the Attorney General's Action. The remaining allegations of this paragraph are denied.

Respectfully submitted,

BOSTON SOCIETY OF THE NEW
JERUSALEM, INCORPORATED,
BOSTONVIEW CORPORATION,
EDWARD MACKENZIE, and
THOMAS KENNEDY,

By their attorneys,

/s/ Nicholas B. Carter
Howard M. Cooper (BBO #543842)
Nicholas B. Carter (BBO #561147)
Philip H. Graeter (BBO #645316)
TODD & WELD LLP
28 State Street, 31st Floor
Boston, MA 02109
(617) 720-2626

Dated: September 13, 2005